NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____

|  |  |
|---|---|
| JEFFREY WALTERS and ESTATE OF CLIFFORD HADDOX, : | |
| Plaintiffs, : | Civil Action No.: 3:09-CV-04637-FLW-LHG |
| v. : | **OPINION** |
| AMERICAN HOME ASSURANCE, : | |
| Defendant. : | |

_____:

**WOLFSON, United States District Judge:**

     Presently before the Court is Plaintiffs Jeffrey Walters' and the Estate of Clifford Haddox's Order to Show Cause to compel arbitration of their uninsured motorist claims under Defendant American Home Assurance's (incorrectly pled as "AIG's") automobile insurance policy. For the following reasons, Plaintiffs' Order to Show Cause to compel arbitration is denied.

I.    FACTS AND PROCEDURAL HISTORY

     In or around November 2004, Plaintiffs Jeffrey Walters and Clifford Haddox were employees of Orgo-Thermit, Inc., a New Jersey corporation with its principal place of business in Manchester, New Jersey. Verif. Compl. at ¶¶ 2-3. On November 27, 2004, while acting in the scope of their employment, Plaintiffs were involved in an automobile accident in Wyoming when an unknown vehicle came into their line of travel, struck them and caused them to crash into a ditch. Id. at ¶¶ 1-3. At the time of accident, the Plaintiffs' vehicle had been leased by

1

Orgo-Thermit from Daniella Rental Systems, Inc., a Pennsylvania corporation with its principal place of business in Plymouth Meeting, PA.  Zarillo Aff., Ex. at 8, ¶16-17; see also Zarillo Aff., Ex. 1.B at 1-7.

On July 20, 2009, Plaintiffs filed a complaint in the Superior Court of New Jersey, Middlesex County, seeking uninsured motorist benefits and an order compelling Defendant American Home Assurance to arbitrate pursuant to the terms of Orgo-Thermit's automobile insurance policy (hereinafter "the policy").  Verif. Compl. at ¶4.  The Defendant then removed the case to this Court on September 10, 2009.  The Defendant filed an Answer and Counterclaim to Plaintiff's Complaint on September 16, 2009.  The Defendant's Counterclaim sought a declaratory judgment that the Plaintiffs were not covered under the policy.  Answer and Countercl. at pp. 4-8.  Presently before the Court is Plaintiff's Order to Show Cause to compel arbitration.

II.     DISCUSSION

The policy contains two uninsured motorist endorsements: "New Jersey Uninsured and Underinsured Motorists Coverage" (hereinafter "NJ endorsement") Zarillo Aff., Ex. 1.A (Part 1) at 44- and "Pennsylvania Uninsured Motorists Coverage – Nonstacked" (hereinafter "PA endorsement").  Zarilo Aff., Ex. 1.A at Part I, pp. 44-51 & Part II, pp. 2.  Plaintiffs argue that both endorsements modify the terms of the underlying policy in different ways.  Id. at Part I, p.44 & Part II, pp.49.  In their view, the NJ endorsement extends coverage to "covered 'auto[s]' licensed or principally garaged in…New Jersey".  Id. at Part I, pp.44.  Moreover, "auto[s]" is limited to "owned 'autos' only" or "those 'autos' you own."  Id. at Part I, pp.10.  Alternatively, they contend the PA endorsement provides coverage for "covered 'motor vehicle[s]' licensed or principally garaged in…Pennsylvania."  Id. at Part I, pp. 48.  "Motor vehicle" is defined as "a

vehicle which is self-propelled except one which is propelled by human power or by electric power obtained from overhead trolley wires, but does not mean a vehicle operated upon rails." Id. at Part II, pp.2.  Ultimately, Plaintiffs claim they are entitled to coverage under either endorsement but in doing so, rely principally upon the PA endorsement.

In response, the Defendant disputes coverage under only the NJ endorsement.  First, it argues that under the language of the NJ endorsement, Plaintiffs' vehicle was not a "covered 'auto'" since it was leased, and not owned.  Second, it argues that the Plaintiff's vehicle was not "garaged in New Jersey" pursuant to the language of the NJ endorsement.  The Defendant does not address the PA endorsement of the policy in its papers.

In any event, what is clear is that the parties are arguing whether there is coverage—regardless of who prevails, this is not a dispute subject to arbitration.[1]  The arbitration clauses in both endorsements defining the scope of arbitrable issues are identical.  In pertinent part, those clauses state:

> "If we and an 'insured' disagree whether the 'insured' is legally entitled to recover damages from the owner or driver of an 'uninsured motor vehicle' or do not agree as to the amount of damages that are recoverable by that 'insured', then the matter may be arbitrated. *However, disputes concerning coverage under this endorsement may not be arbitrated.*"

Zarillo Aff., Ex. 1.A. (NJ and PA endorsements) at Part I, pp.44-51 & Part II, pp. 2 (emphasis added).

---

[1] Because the Court is not called upon to rule on coverage at this juncture, it is not necessary to resolve any potential conflict-of-laws question as to whether a leased vehicle is a covered vehicle under either the NJ or PA endorsement.  Instead, this opinion must focus upon whether the parties' coverage dispute is subject to arbitration.  Furthermore, because the language of the NJ and PA arbitration clauses are identical and New Jersey and Pennsylvania courts interpret such language similarly, there is no conflict in the two clauses that needs to be resolved at this juncture.

In both New Jersey and Pennsylvania, "it is evident that the court should give the words of [an insurance] policy 'their plain, ordinary meaning'." Bartow v. Homesite Ins. Co., Inc., No. 09-2061, 2009 WL 5216964, at *4 (D.N.J. 2009) (quoting Sahli v. Woodbine Bd. of Educ., 193 N.J. 309, 321 (2008), quoting Zacarias v. Allstate Ins. Co., 168 N.J. 590, 595 (2001)); see Progressive Northern Ins. Co. v. Schneck, 572 Pa. 216, 220-21 (2002). Moreover, "if the words of a policy are clear, the policy should be interpreted as written." Bartow, 2009 WL 5216964 at *4 (quoting Iorio ex rel. Iorio v. Simone, 340 N.J. Super. 19, 24 (2001), aff'd 170 N.J. 438 (2002)); see Northern Ins. Co. of New York v. Reilly, 323 F.Supp.2d 648, 649 (E.D.Pa. 2004) (citing Progressive N. Ins. Co., 572 Pa. at 221). Nonetheless, an insurance contract is a contract of adhesion and any ambiguity in the language will be construed in order to honor the objectively reasonable expectations of the insured. Bartow, 2009 WL 5216964 at *4 (citing Zacarias, 168 N.J. at 595); Prudential Property Cas. Ins. Co. v. Sartno, 588 Pa. 205, 212 (2006) (quoting Standard Venetian Blind Co. v. Am. Empire Ins. Co., 503 Pa. 300, 305 (1983)).[2]

In addition, New Jersey and Pennsylvania courts acknowledge that "[a]n insurance policy controls the issues subject to arbitration under the policy." Moricin v. N.J. Mfrs. Ins. Co., No. A-4080-07T3, 2009 N.J. Super. Unpub. LEXIS 821, *4-5 (App. Div. Feb. 9 2009); Cohen v. Allstate Ins. Co., 231 N.J. Super. 97, 101 (App. Div. 1989); Borgia v. Prudential Ins. Co., 561 Pa. 434, 442 (2000) (quoting National Grange Mut. Ins. Co. v. Kuhn, 428 Pa. 179, 181) (1968) ("Question[s of the scope of an arbitration clause]…must be decided in light of the language of the…policy affording the coverage")). For example, in Moricin, Defendant New Jersey Manufacturers Associated appealed a judicial decree compelling the arbitration of Plaintiff Marc

---

[2] An ambiguity exists "where the phrasing of the policy is so confusing that the average policy holder cannot make out the boundaries of coverage." Bartow, 2009 WL 5216964 *5 (quoting Weedo v. Stone E-Brick, Inc., 81 N.J. 233, 247 (1979); see Prudential Property and Cas. Ins. Co., 588 Pa. at 212 (citing Hutchison v. Sunbeam Coal Corp., 513 Pa. 192, 201 (1986)).

Moricin's uninsured motorist claim.  Moricin, 2009 N.J. Super Unpub. LEXIS 821 at *1. Moricin was insured by NJM under a policy with uninsured motorist coverage. Id.  The policy provided for arbitration of the insured's legal entitlement to recover damages and the amount of such damages, but expressly excluded coverage disputes from arbitration. Id.  When Moricin asserted uninsured motorist coverage because the tortfeasor (i.e. the driver of the vehicle that struck his car) was uninsured, NJM disputed coverage. Id. at *4.  In construing the arbitration clause, the Superior Court acknowledged that the uninsured motorist provision of the policy was "clear and unambiguous" in excluding coverage disputes from arbitration. Id. at *3-4. Accordingly, the court determined that this coverage issue was for a court to decide and not arbitrable under the policy. Id. at *4.

Like the language in Moricin, the policy language here is clear and unambiguous: "disputes concerning coverage under this endorsement may not be arbitrated."  "[T]his endorsement" refers to the NJ endorsement and PA endorsement, respectively, which, as noted, contain the exact same arbitration language regarding the scope of issues subject to arbitration. The Defendant disputes the Plaintiffs' entitlement to uninsured motorist coverage under the policy.  First, it argues that under the language of the NJ endorsement, Plaintiffs' vehicle was not a "covered 'auto'" since it was leased, and not owned.  In addition, it argues that the Plaintiffs' vehicle was not "garaged in New Jersey" pursuant to the language of the NJ endorsement. Furthermore, Defendant has filed a counterclaim seeking a declaratory judgment that the Plaintiff is not entitled to coverage under the policy.  While no party has yet to move for summary judgment on this counterclaim, the filing of the counterclaim and Defendant's arguments made in opposition to Plaintiff's Order to Show Cause make clear that Defendant is disputing coverage.  Accordingly, the policy's arbitration clause dictates that this coverage

dispute be heard by the Court.

III.   CONCLUSION

For the foregoing reasons, Plaintiffs' Order to Show Cause to compel arbitration is DENIED.


DATED:  July 21, 2010                              /s/ Freda Wolfson
                                                   United States District Judge